**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-4642**

---

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

DANIEA DAVON KELLY,

                              Defendant - Appellant.

---

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, District
Judge.  (2:06-cr-01287-PMD)

---

Submitted:  March 20, 2008        Decided:  April 11, 2008

---

Before MICHAEL, MOTZ, and GREGORY, Circuit Judges.

---

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

---

Mary Gordon Baker, Assistant Federal Public Defender, Charleston,
South Carolina, for Appellant.  Reginald I. Lloyd, United States
Attorney, Columbia, South Carolina; John Charles Duane, Assistant
United States Attorney, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniea Kelly pled guilty pursuant to a written plea agreement to one count of possession with intent to distribute five grams or more of cocaine base ("Count One"), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(c) (2000), and one count of use of a firearm in furtherance of a drug trafficking crime ("Count Four"), in violation of 18 U.S.C. § 924(c)(1)(A) (2000). The court sentenced Kelly to a total of 147 months in prison, and Kelly timely appealed. Kelly's attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal, but questioning whether the crack cocaine to powder cocaine disparity applied by the district court in sentencing was unconstitutional. The Government did not file a reply brief. Kelly was advised of his right to file a pro se supplemental brief, but has not done so.

In accordance with our obligation under Anders, we have reviewed Kelly's conviction and find no reversible error. His guilty plea was accepted after a properly-concluded Fed. R. Crim. P. 11 hearing, and he does not contend that his plea was involuntary. Accordingly, we affirm his conviction.

As to his sentence, Kelly argues that the crack cocaine to powder cocaine disparity employed in sentencing is unconstitutional. Kelly was sentenced to 87 months in prison on Count One; the statutory range for the count is five years to forty

years.  21 U.S.C. § 841(b)(1)(B).  While the appeal was pending, the Supreme Court issued <u>Kimbrough v. United States</u>, 128 S. Ct. 558 (2007), holding that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." <u>Id.</u> at 575.  In <u>Kimbrough</u> the Court remanded to permit the district court to consider the appropriateness of applying the 100-to-1 ratio of crack cocaine to powder cocaine in sentencing. Accordingly, we vacate Kelly's sentence and remand for the purpose of allowing the court to resentence Kelly in accordance with <u>Kimbrough</u> and <u>U.S. Sentencing Guidelines Manual</u> § 2D1.1 (2007) (Amendment 706).

This court requires that counsel inform Kelly, in writing, of the right to petition the Supreme Court of the United States for further review.  If Kelly requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Kelly.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED
